# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

CLAUDIA HOUSE                                                                PLAINTIFF

vs.                                                          CIVIL ACTION NO. 1:10CV26-SAA

MICHAEL ASTRUE,
**Commissioner of Social Security**                                          DEFENDANT


## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Claudia House for a period of disability and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff applied for benefits on April 17, 2008, alleging that he became disabled on March 31, 2007 due to disorders of the back and legs, high blood pressure and rotator cuff issues. (Tr. 141). The plaintiff's claim was denied initially on March 13, 2008, and on reconsideration on September 29, 2008. Plaintiff requested a hearing (Tr. 42) and testified at the administrative hearing that was held on February 17, 2009. (Tr. 13, 22-32). The ALJ issued an unfavorable decision on March 18, 2009. After the Appeals Council denied plaintiff's request for a review on September 14, 2009 (Tr. 5-7), plaintiff retained new counsel, who filed a request to reopen the Appeals Council's prior denial of Mr. House's Request for Review on November 13, 2009, and simultaneously submitted additional evidence. (Tr. 91-94, 314-49). The Appeals Council denied plaintiff's subsequent request for review on December 8, 2009,. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review.

The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all proceedings in this case; the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## FACTS

The plaintiff was born on January 19, 1958 (Tr. 25) and completed tenth grade. (Tr. 26). He was fifty-one (51) at the time of the ALJ's decision on March 18, 2009. His past relevant work was as a dry curer at Bryan Foods where he worked for thirty years. (Tr. 27). He contends that he became disabled on March 31, 2007 when he began experiencing problems with his back, legs, high blood pressure and rotator cuff. (Tr. 141).[1]

The ALJ determined that the plaintiff suffered from "severe" impairments including hypertension; status post lumbar diskectomy; degenerative arthritis of the cervical spine with mild radiculopathy; and subacromial bursitis of mild rotator cuff tendonitis in both shoulders (Tr. 15), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 17). The ALJ determined that the plaintiff retains the Residual Functional Capacity (RFC) to "lift/carry and push/pull a maximum of twenty pounds occasionally and ten pounds frequently; stand/walk a total of six hours of an eight-hour workday; and, sit a total of six hours of an eight-hour workday." (Tr. 18). The ALJ did not take any vocational expert [VE] testimony at the hearing, but determined without such testimony that the plaintiff is able to perform "light exertional work," that there are jobs that exist in significant

---

[1]There is evidence in the record that the plaintiff had been experiencing back problems for five to ten years, but that the pain became intolerable as of March 31, 2007.

numbers in the national economy that plaintiff can perform (Tr. 20), and therefore he is not

disabled under the Social Security Act. (Tr. 27).

Plaintiff claims the following errors:

1.      The ALJ should have found plaintiff disabled because he meets Listing 1.04A.

2.      The Appeals Council should have remanded the plaintiff's case in light of new

        and material evidence concerning the plaintiff's back problems.

3.      The ALJ improperly determined that plaintiff was capable of performing a full

        range of light work.

4.      The ALJ should have found that plaintiff was disabled at step 5 under Medical-

        Vocational Rule 201.09 as of plaintiff's 50th birthday on January 19, 2008.

Docket 9, p. 1. Although plaintiff raises four issues as grounds for appeal, the court will focus

on the fact that the ALJ should have found plaintiff disabled because he meets Listing 1.04A.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step

sequential evaluation process.[2] The burden rests upon the plaintiff throughout the first four steps

of this five-step process to prove disability, and if the plaintiff is successful in sustaining his

burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3]

First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second,

the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or

---

[2]*See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[3]*Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4]20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

mental ability to do basic work activities . . . ."[5]  At step three the ALJ must conclude the

plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of

the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[6]  If

plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the

physical and mental demands of his past relevant work.[7]  At step five, the burden shifts to the

Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

past work experience, that he is capable of performing other work.[8]  If the Commissioner proves

other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that

he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by

substantial evidence and whether the Commissioner used the correct legal standard.  *Muse v.

Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).

"To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as

adequate to support a conclusion; it must be more than a scintilla but it need not be a

preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted).

"If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must

_____

[5]20 C.F.R. §§ 404.1520, 416.920 (2003).

[6]20 C.F.R. § 404.1520(d), 416.920 (2003).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. §§ 404.1525, 416.925 (2003).

[7]20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[8]20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[9]*Muse*, 925 F.2d at 789.

be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

At step one, the ALJ concluded that the plaintiff has not engaged in substantial gainful activity since March 31, 2007, the alleged onset date. (Tr. 15). At step two, the ALJ found that plaintiff has severe impairments that include hypertension, status post lumbar diskectomy, degenerative arthritis of the cervical spine with mild radiculopathy and subacromial bursitis of mild rotator cuff tendonitis in both shoulders. (Tr. 15). He also found that the plaintiff suffers from phlebitis, which he concluded did not meet the twelve-month durational requirement and, therefore, is not considered a severe impairment. (Tr. 17). He concluded at step three that the plaintiff does not have an impairment or combination of impairments that meet or medically equal any impairment listed at 20 C.F.R. Pt. 404, Subpart P., App. 1. (Tr. 17). In his written decision the ALJ found that plaintiff has the RFC to perform a wide range of light exertional work. (Tr. 29). The ALJ noted that plaintiff was 49 years of age at the alleged onset date which is defined as "a younger individual age 28-49", but when he turned 50, his category changed to "closely approaching advanced age." (Tr. 20). He further noted that plaintiff "has a limited education and is able to communicate in English . . . [t]ransferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled." *Id.* The ALJ relied on evidence in the record, including testimony by the plaintiff, to conclude that plaintiff was capable of performing light exertional work, and, therefore, was not disabled under the Social Security Act. (Tr. 27).

## DISCUSSION

Plaintiff contends on appeal that the ALJ erred in not finding plaintiff disabled under

Listing 1.04A. This court agrees. Listing 1.04A of 20 C.F.R. Part 404, Subpart P, App. 1, states, in part:

> 1.04 (Disorders of the spine (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); . . .

When a plaintiff's impairment is either in the Listing of Impairments or is determined to be equivalent to a listed impairment, the presumption of disability applies and further inquiry into work ability becomes unnecessary. *Selders v. Sullivan*, 914 F.2d 614, 619 n.1 (5th Cir. 1990); see also *Sullivan v. Zebley*, 493 U.S. 512 (1990)).

In this case, the plaintiff has established that as far back as June, 2007, objective medical testing showed "a large left paracentral disc herniation that was contacting the traversing nerve root, indenting the left side of the thecal sac, and narrowing the entry of the left neural foramen." Docket #9, p. 6. An MRI conducted on April 8, 2008 showed that plaintiff suffered from chronic disc herniation at L5-S1, and Dr. Bobo opined that because conservative therapy had failed, surgery was required. (Tr. 264). Dr. Bobo performed a L5-S1 diskectomy upon plaintiff on April 14, 2008 (Tr. 216) that alleviated some of "his left leg pain and back pain," but he continued to experience severe pain and also began experiencing the same type of symptoms in his right leg. (Tr. 267). Records from plaintiff's visit to Dr. Bobo on May 14, 2008 indicate that he continued to suffer from "persistent radiculopathy status post discectomy." (Tr. 269). An MRI conducted on July 15, 2008, showed "[m]ild broad-based posterior disc bulge as well as

moderate ligamentous and facet hypertrophic degenerative disease with relative narrowing of the

central canal . . . disc bulge may abut the bilateral exiting nerve roots . . . moderate sized disc

bulge associated with an annular tear without frank herniation [at L4/5] . . ." (Tr. 321).

Plaintiff continued to seek medical treatment for his pain and was treated often at the

Oktibbeha County Hospital Pain Clinic due to the fact that he did not have enough money to see

any other physician. (Tr. 315-316). The records submitted to the Appeals Council – including a

Medical Source Statement (MMS) from Dr. David Rosenfeld with Oktibbeha County Pain

Management (Tr. 319-320), medical records from Dr. Rosenfeld's clinic (Tr. 214-318) and

documentation supporting plaintiff's prescriptions (Tr. 323-349) – support plaintiff's complaints

of pain. Specifically, the MMS from Dr. Rosenfeld and the records from plaintiff's visits to Dr.

Rosenfeld support plaintiff's ongoing complaints of pain and limitations on his ability to work.

Dr. Rosenfeld opined that plaintiff suffers from "pain or other symptoms severe enough to

seriously interfere with attention and concentration needed to perform even simple work tasks"

up to a third of an eight-hour work day. (Tr. 319). He further opined that plaintiff experiences

"side effects from medications severe enough to seriously interfere with [his] ability to keep pace

with unimpaired co-workers" up to one third of the work day. *Id.* Last, he noted that plaintiff's

diagnoses and limitations were more medically probable than not present on his first visit to Dr.

Bobo on April 8, 2008. *Id.*

The court has carefully reviewed the entire record in this case, and there is clearly

substantial evidence that plaintiff meets Listing 1.04A. The ALJ concluded without elaboration

that the "record evidence failed to demonstrate a nerve root compression characterized by neuro-

anatomic distribution of pain, limitation of motion of spine, motor loss accompanied by sensory

or reflex loss and positive straight leg raising in both the sitting and supine positions (1.04A). (Tr. 18). In other words, he appears merely to have parroted the listing requirements without further explanation of why the evidence supports a finding that plaintiff fails to meet each component of the listing.

The ALJ also found, and the Commissioner argues here, that plaintiff's surgery "was generally successful in relieving the symptoms." (Tr. 19). This is manifestly not so. The MRI conducted on July 15, 2008 – three months after plaintiff's surgery – indicates a disc bulge that abuts the bilateral existing nerve roots at L3/3, narrowing of the central canal at L4/5 and bilateral neural foraminal narrowing at L4/5 and L5/S1. (Tr. 321-22). The ALJ failed to provide any explanation for his opinion that the record evidence failed to demonstrate the requisite criteria for Listing 1.04A. Moreover, the records from Oktibbeha County Hospital Pain Clinic which were submitted to the Appeals Council indicate that lumbar flexion and extension are restricted with radiculopathy to both hips, the left foot and the back of the right thigh and that it is difficult for plaintiff to lean forward. (Tr. 314, 316). He suffers from numbness in his leg (Tr. 293), a limp on his left side (Tr. 223, 226, 283-88), decreased or absent reflexes (Tr. 221), decreased sensation in his lower extremities (Tr. 221), a fine tremor (Tr. 267) and positive straight leg raising tests (Tr. 258, 263, 269, 272).[10]

The plaintiff asserts that the ALJ erred as a matter of law by not specifically finding that

---

[10]Although the Commissioner argues that these records were generated "well after the ALJ's decision," in fact plaintiff's first appointment with Dr. Rosenfeld was only three days after the ALJ's decision, and the transcript of the hearing reveals that the plaintiff *told* the ALJ that he had an upcoming appointment for pain management because he had been unable to obtain relief from the surgery or by other means. Tr. 29. These records clearly relate to the relevant period and go far to substantiate plaintiff's clear testimony and reports to his physicians that although the surgery alleviated his pain to some degree, it was still unremitting and strong.

he met the requirements for Listing 1.04A.[11]  It is true that the criteria for the listings are demanding and stringent, *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994), and it is the plaintiff's burden to prove that his condition satisfies the listing.  In this case, the medical evidence reveals that the plaintiff's impairments meet Listing 1.04A.  The plaintiff correctly asserts that where an ALJ merely states a summary conclusion that the plaintiff's impairments did not meet or equal any listed impairment, without identifying the relevant listed impairments, discussing the evidence, or explaining his reasoning, the decision is not supported by substantial evidence. *Burnett v. Commissioner of Social Sec.*, 220 F.3d 112, 119-20 (3rd Cir. 2000); see also *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  As the *Clifton* court stated, "[s]uch a bare conclusion is beyond meaningful judicial review." *Clifton*, 79 F.3d at 1009.  In this case, the ALJ failed to outline any of the required factors and information to evaluate plaintiff's claims. The ALJ failed to meaningfully review plaintiff's case, and, therefore, the court holds that the ALJ's decision was not based on substantial evidence.

## DETERMINATION OF BENEFITS

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving

---

[11] Plaintiff also asserts that the ALJ failed to obtain additional evidence from his treating physicians in order to make a proper determination on the merits of the case.  This court is in agreement with plaintiff.  The ALJ obtained a Medical Source Statement from a non-treating, non-examining physician, but did not even request that plaintiff's own treating physicians and surgeons provide evidence to clarify or support the record.  Had the court not found that plaintiff met the requirements of Listing 1.04A, the court would have remanded the case to the ALJ for further development of the record and consideration of the new and material evidence presented by plaintiff following the ALJ's decision.

plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, the plaintiff has

been very patient. He has been seeking benefits through the administrative processes for two

and a half years.[12] The evidence in this case is clear. Plaintiff's treating physicians have noted

that plaintiff has all of the requisite elements necessary to meet Listing 1.04A and has

continuously tried to receive treatment for these impairments despite the fact that he has very

little in terms of funds to do so. Plaintiff's back problems fall squarely within the requirements

of Listing 1.04A of the Social Security Act, and the plaintiff is therefore presumed disabled

under the Act without further inquiry into his work ability. Accordingly, the court holds that

because the evidence is conclusive, an award of benefits at this stage would be in the best

interests of the plaintiff's health and welfare and will avoid further undue delay which would

result upon remand for additional review. The court directs that this case be remanded for the

sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## PLAINTIFF'S REMAINING ARGUMENTS

Because the court has determined that the plaintiff is disabled under the Social Security

Act and this action is being remanded for the sole purpose of determining the amount of benefits

to be awarded to the plaintiff under the Act, the court need not address the merits of the

plaintiff's remaining arguments at this time.

## CONCLUSION

For the forgoing reasons, the court finds that the decision of the ALJ was not supported

by substantial evidence, that plaintiff's impairments fall within the requirements of Listing

1.04A and plaintiff is entitled to benefits under the Social Security Act. This case is remanded

---

[12] Plaintiff protectively filed his applications for benefits on April 9, 2008.

for the sole purpose of determining the amount of benefits to be awarded.  An final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 28th day of September, 2010.


 /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE